UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> v. ) <br> ) Criminal No. 08-374-4 (RCL) <br> IGNACIO SANTANA-VILLANUEVA, ) <br> ) <br> Defendant. ) <br> ) | **FILED** <br> NOV 1 7 2015 <br> Clerk, U.S. District & Bankruptcy <br> Courts for the District of Columbia |

## MEMORANDUM OPINION AND ORDER

Before the Court is defendant Ignacio Santana-Villanueva's motion [80] seeking a sentence reduction under 18 U.S.C. § 3582(c)(2) and based upon the retroactive application of Amendment 782 to the United States Sentencing Guidelines. After considering the motion, the entire record herein, and the applicable law, the Court finds defendant Santana-Villanueva is ineligible for a sentence reduction under § 3582(c)(2) and will therefore **DENY** his motion.

## BACKGROUND

On December 16, 2008, a Grand Jury in the District of Columbia filed a one-count Indictment against defendant Santana-Villanueva, along with four others, for Conspiracy to Distribute and Possess with Intent to Distribute Five Kilograms or More of Cocaine and Marijuana. Presentence Investigation Report ("PSR") ¶ 1. The defendant pled guilty on June 9, 2009 to a lesser offense: Conspiracy to Distribute More than 500 Grams of a Mixture and Substance Containing a Detectable Amount of Cocaine and a Mixture and Substance Containing a Detectable Amount of Marijuana. *Id.* at ¶ 3.

In accepting the terms of his plea agreement, defendant Santana-Villanueva both acknowledged that "he was accountable for at least 5 but less than 15 kilograms or more of cocaine," Plea Agreement ¶ 2, ECF No. 39, and separately agreed that "96 months (8 years) [was] the appropriate sentence of imprisonment for offense to which [he pled] guilty." *Id.* at ¶ 3. Further, the government and the defendant agreed that:

> [s]hould the Court not agree that the sentence agreed upon by the parties is appropriate, and your client does not withdraw his plea, your client and the Government agree to the following: Your client will be sentenced according to Title 18, United States Code, Section 3553(a) and 3553(c) through (f) and upon consideration of the United States Sentencing Guidelines.

*Id.* at ¶ 4.

On April 30, 2014, the U.S. Sentencing Commission submitted to Congress Amendment 782 of the U.S. Sentencing Guidelines, proposing a downward revision to the applicable sentencing ranges for drug trafficking offenses. The Commission then passed Amendment 788 to allow Amendment 782's revisions to be applied retroactively, and on November 1, 2014, Amendment 782 and its retroactive application became effective. In his current motion, the defendant seeks relief under these newly amended provisions of the Sentencing Guidelines.

**DISCUSSION**

To grant a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), two conditions must be separately met: the prisoner must be eligible for the requested reduction and early release must be warranted. *Dillon v. United States*, 560 U.S. 817, 827 (2010). In this case, because defendant Santana-Villanueva's sentence was not "based on" a sentencing range set by the Guidelines, *United States v. Epps*, 707 F.3d 337, 352 (D.C. Cir. 2013), he is ineligible for a sentence reduction and his motion for relief under § 3582(c)(2) must be denied.

In *United States v. Epps*, the D.C. Circuit ruled that under § 3582(c)(2), a prisoner who had entered into a Rule 11(c)(1)(C) plea agreement is eligible for a sentence reduction if his sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *Id.* (citing 18 U.S.C. § 3582(c)(2)'s standard for eligibility for a sentence reduction). The opinion applied and interpreted *Freeman v. United States*, 131 S. Ct. 2685 (2011), the Supreme Court's plurality decision that ruled plea agreements do not automatically disqualify a defendant for relief under § 3582(c)(2). In applying *Freeman*, the Circuit found it was bound only by the plurality decision's result—namely, "that § 3582(c)(2) relief is not invariably barred when a sentence was imposed pursuant to a Rule 11(c)(1)(C) plea agreement." *Id.* The D.C. Circuit further held that when determining if a defendant's prisoner term was "based on" a specific Guidelines range, courts should focus on "the reasons given by the district court for accepting the sentence that was ultimately imposed." *Id.*

In finding the defendant's sentence was "based on" a specific Guidelines range, the Circuit in *Epps* emphasized both language in the defendant's plea agreement and the district judge's statements at the sentencing hearing. First, the Circuit looked to the plea agreement's provision that "the sentence in this case will be imposed in accordance with the Guidelines," *id.* (citing Plea Agreement ¶ 8), finding that this phrase supported its conclusion that "the Guidelines formed the basis of [the defendant's] sentence." *Id.* In addition to this language, the Circuit highlighted that the plea agreement specifically departed downward from the Guidelines' base level. *Id.* Lastly, the Circuit noted that the district judge specifically remarked at the sentencing hearing that the sentence imposed was "sufficient in view of the fact that the crack cocaine guidelines are what they are." *Id.* (citing Tr. Oct. 29, 1999, at 14). In combination, these facts led the Circuit to rule Epps's sentence was "determined based on a specific Guidelines range." *Id.*

In applying the result, logic, and factual circumstances of *Epps* to this case, the Court finds that defendant Santana-Villanueva's prison term was not based on the sentencing guidelines; he is therefore ineligible for relief under § 3582(c)(2). First, unlike in *Epps*, defendant Santana-Villanueva's sentence was not imposed "in accordance with" the Sentencing Guidelines. To the contrary, the plea agreement in this case invokes the Sentencing Guidelines only to draw a contrast between what the parties agreed to and the sentence that would be imposed if the Court were to discard that agreement. More specifically, as mentioned, the relevant provision states:

> [s]hould the Court not agree that the sentence agreed upon by the parties is appropriate, and your client does not withdraw his plea, your client and the Government agree to the following: Your client will be sentenced according to Title 18, United States Code, Sections 3553(a) and 3553(c) through (f) and upon consideration of the United States Sentencing Guidelines.

Plea Agreement ¶ 4.

Under this agreement, the Guidelines would only become relevant to the defendant's sentence if the Court rejected the plea agreement's proposed sentence of 96 months—which it did not.

Put differently, the plea agreement contemplates two mutually exclusive scenarios. In the first scenario, the Court would accept the sentence the parties agreed upon. In the second, and as an alternative, the Court would find the 96-month sentence to be inappropriate and then sentence defendant Santana-Villanueva according to the "Title 18, United States Code, Sections 3553(a) and 3553(c) through (f) and upon consideration of the United States Sentencing Guidelines." The plea agreement is structured such that the Guidelines offer a sentencing range only if the Court rejects the negotiated 96-month prison term, which, once again, it did not. The agreement's underlying structure, in conjunction with the fact that the agreement's contingent provision invoking the Guidelines was not triggered, support a finding that defendant Santana-Villanueva's original sentence was not "based on" the Guidelines.

Lastly, unlike in *Epps*, the defendant here does not point to any transcript excerpts at the sentencing hearing to support a finding that he is eligible for a sentence reduction.[1] As the Circuit directed, the present inquiry should focus "on the reasons given by the district court for accepting the sentence that it ultimately imposed." *Epps*, 707 F.3d at 351. And as discussed, in *Epps*, the sentencing judge specifically remarked that the Court was departing downward from the Guidelines range and that the ultimate sentence was "sufficient" in light of the standard ranges for crack cocaine offenses. *Id.* at 352. In this case, the defendant has not directed the Court to any similar language.

After considering the motion, the entire record herein, and the applicable law, the Court finds that defendant Santana-Villanueva is ineligible for sentence reduction and will **DENY** his motion.

**IT IS SO ORDERED** on this 17th day of November, 2015.

Royce C. Lamberth
United States District Judge

---

[1] In leaving this motion unopposed, the government provides very little guidance on several important legal issues the Court must now decide. Through consultation with the defendant, the government submitted that the "interplay between *Epps* and Mr. Santana-Villanueva's case is exceedingly complex" and then concluded that its decision not to oppose the defendant's request "reflects the scarce resources that would be consumed by any contested litigation." Unopposed Mot. to Reduce Sentence ¶ 7.

The Court is disappointed with the government's apparent refusal to engage in meaningful legal analysis and hopes that in the future, the government plays a different, more active role. In staking out its position, the government ignores the importance of developing a comprehensive and coherent understanding of § 3582(c)(2)'s eligibility standard. Indeed, in light of Amendments 782 and 788, discerning this standard takes on new significance, a fact the government seems to set aside. Complicated facts and an uncertain legal standard should not deter the government from offering its assessments; if anything, such factors cut in the opposite direction. The United States Attorney is meant to offer the legal views of the United States, not to sit on the sidelines as the courts endeavor to properly apply the law. Now more than ever, the Court welcomes the government's input as it considers the difficult, yet crucially important legal questions that surround § 3582(c)(2).